# OFFICE OF
# THE ATTORNEY GENERAL



Gerald C. Mann
~~PRICE DANIEL~~
~~XXXXXXXXXXXX~~
~~ATTORNEY GENERAL~~

Honorable Coke Stevenson
Governor of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-4602
> Re: Appropriation of funds by
> county to Texas Defense Guard
> for use and benefit of Director
> of Civilian Defense.

We have your letter of May 20th, submitting several questions for an opinion of this Department.

It appears from papers accompanying your letter that the Commissioners' Court of Harris County, Texas, has appropriated $10,000.00 of the county's funds to the Texas Defense Guard, upon the express condition and order "that the Texas Defense Guard pay to the local Office of Civilian Defense sums required in the discharge of this appropriation now made as requested by the Office of Civilian Defense for purposes consistent with this order, and that with respect to Item 3 above the Texas Defense Guard pay the same to the Director of the Office of Civilian Defense upon detailed requisition therefor by the Director of the Office of Civilian Defense after said requisition has received the written approval of the County Judge of Harris County."

It appears from your letter that the Director of Civilian Defense has solicited the authorization of the Adjutant General, as your representative in Defense Guard matters, to the Policy Board of the Texas Defense Guard for Houston and Harris County, directing that Board to receive these funds, deposit them in a bank, and expend them in accordance with the provisions of the order of the Commissioners' Court above quoted.

You further state that: "The purposes specified have no direct relation to any unit of the Defense Guard,

so far as I can determine, but the activities of the Office of Civilian Defense in the County have direct relationship to the defense effort generally."

You ask the opinion of this Department as to your legal authority, under the Constitution and the statutes, to authorize the money to be accepted and expended by the Texas Defense Guard under the terms and provisions of the order of the Commissioners' Court of Harris County; whether, as Governor, you are concerned with the legality of the appropriation as made by the Commissioners' Court of Harris County; and, if so, whether the appropriation is valid as made.

Your second question will be answered first. You are, as Commander in Chief of the Texas Defense Guard and as Governor, concerned with the legality of the proposed donation by Harris County, for the following reasons: Art. 4, Sec. 10, of the Constitution requires that you cause the laws of the State to be faithfully executed. As Commander in Chief of the Texas Defense Guard, therefore, you should not authorize the acceptance by the Guard of donations by counties which the laws do not authorize counties to make, or the expenditure of funds by the Texas Defense Guard for purposes for which the laws do not authorize their expenditure by that organization.

Your third question is concerned with the legality of the attempted donation by the Commissioners' Court of Harris County.

As you know, though both are concerned with problems of defense, the Texas Defense Guard and the Office of Civilian Defense are separate and distinct organizations. On April 23, 1942, by Opinion No. O-4529, copy of which is attached, we advised the County Auditor of Harris County that, because the Legislature had not authorized counties to do so, the County of Harris had no authority under the law to provide funds for the office of Director of Civilian Defense. The Legislature has, however, conferred upon the counties of Texas the power to "provide funds . . . to the Texas Defense Guard." (Vernon's Revised Civil Statutes, Article 5891a). The legality of the proposed donation, then, depends upon the question whether these funds are in fact provided for the Texas Defense Guard.

The authority to counties to provide funds for the Texas Defense Guard clearly requires that the funds be donated for the use and benefit of the Texas Defense Guard. Obviously, funds donated to the Texas Defense Guard must be for expenditure by that organization for the purposes for which that organization, under the law and the rules and regulations promulgated thereunder by your Excellency for its operation, may lawfully expend monies. The funds must be given in truth and in fact to the Texas Defense Guard to be expended by it for its lawful purposes.

Does the proposed grant by Harris County meet these tests? We think not. Under the plain terms of the appropriation, the gift is not to the Texas Defense Guard; on the contrary, the gift is to the Office of Director of Civilian Defense. The money is not to be expended by the Guard for the purposes of that organization; it is to be expended by the Office of Director of Civilian Defense for the purposes of that separate and distinct organization. The Texas Defense Guard is not authorized by the county to exercise any control over the purposes for which the funds are to be expended; it holds the funds simply as trustee or depository for the express use and benefit of the Office of Civilian Defense. The donation is in fact to the Office of Civilian Defense, through the Texas Defense Guard as a conduit. This is an attempt to do indirectly that which we held, in the opinion above mentioned, the law does not authorize the county to do directly.

While the Texas Defense Guard is authorized to accept donations made to it for expenditure for its lawful purposes, under such rules and regulations as may be promulgated by your Excellency, and while, as its Commander in Chief, you may require the officers of that organization to assume the responsibility for the safekeeping and proper expenditure of such funds, the Guard is not authorized by law to accept gifts for the use and benefit of other organizations, and you are not authorized to allow the Guard to do so, nor are you permitted to impose the duty of so doing upon the officers of the Texas Defense Guard.

We have not held above, nor do we mean to imply, that the counties of Texas may not appropriate funds to the Texas Defense Guard to be used _by it_ for civilian defense purposes. The grant of such funds, and the authority

of the Defense Guard to receive and expend them, depends
on whether you, as Commander in Chief, may by regulation
or order authorize or require the Guard to engage in ac-
tivities of the character for which the funds donated are
to be expended, and whether such activities are necessary
to achieve the Guard's lawful purposes.

The Texas Defense Guard is designed to take the
place of the Texas National Guard while the latter is in
Federal service. During this period, it constitutes the
active militia of Texas. As such, it is designed to pro-
vide the State with an armed force trained and prepared
to resist attack or invasion.

As Commander in Chief of the Guard, you are au-
thorized to promulgate rules and regulations for its organi-
zation, training and discipline. Such rules and regula-
tions as you may see fit to prescribe will be valid if they
are reasonably necessary to effectuate the purposes for
which the Guard is created, provided the rules do not con-
flict with regulations for the government of the militia
promulgated by the Congress of the United States or under
its authority.

Since the Guard is to be trained and prepared
to resist attack or invasion, you may authorize or require
it to do whatever may reasonably be necessary to prepare
it to function effectively in time of need. While the
nation is at war, attack and invasion by hostile aircraft
is a constant threat. Under such circumstances, to prepare
the Guard to resist such attack may require that the Guard
train and prepare private citizens to render it necessary
assistance, in such fields of activity as air raid detection
and warning incendiary fire protection, and other similar
service of the character with which the Civilian Defense
program of the Federal Government is now concerned.

If in your judgment as Commander in Chief, it is
necessary that the Guard should engage in such activities,
you may authorize or require it to do so. In that event,
you may likewise authorize it to accept and expend donations
for the purposes. Under authority from you, the Guard may
either do these things itself or contract with other agencies

to do them for the Guard. It is necessary only that the ultimate control over what is to be done rest with the Guard; that that which is done be for and on behalf of the Guard, to enable it to defend the State. Actions of independent organizations, not done for the Guard and at its request, are not actions of the Guard, even though the actions of such independent organizations may relate to the defense of the State.

It is for you to determine in your official discretion, whether the Guard should contract for civilian services of the character mentioned, in order to prepare it for effective defense of the State, and whether you will permit it to accept donations to defray the expense involved. If you authorize the acceptance of such donations and the expenditure of them for the purposes stated, donations by counties will be valid, provided the funds are directed by the counties to be applied in payment for services rendered the Guard at its request and for its purposes. If conditioned that the funds are to be paid over by the Guard to an organization rendering services not requested by the Guard for the Guard's purposes, the donation will be invalid. And likewise, if any such donation attempts to direct the payment of a larger sum for services rendered the Guard at its request than the Guard agrees to pay for such services, the donation will be invalid. The authority to determine the purposes for which funds are to be expended by the Guard and the amounts to be expended therefor, rests with you, as its Commander in Chief; it does not lie within the province of the Commissioners' Courts of the counties.

Summing up, you are advised:

(1) You are concerned with the legality of the proposed donation to the Guard by Harris County.

(2) Since the Guard is not presently authorized by you to engage in the activities for which the funds are to be expended, the donation by Harris County is invalid.

(3) You may authorize the Guard to contract with, the local Director of Civilian Defense to provide the Guard

with civilian assistance to the extent necessary to enable the Guard to prepare to defend the State and to defray the expenses of such civilian assistance from donated funds. Whether this should be done depends on your determination of the question whether such assistance is necessary to the efficient and proper functioning of the Guard. If you authorize the Guard to contract for such civilian assistance, donations by counties to the Guard to be used to defray the expenses agreed to be paid by the Guard will be valid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

/s/ R. W. Fairchild
Assistant

RWF:LM

ENCLOSURE

APPROVED MAY 28, 1942

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee

By BWB
Chairman